IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **DENNIS MARIO RIVERA**<br><br>**Plaintiff**<br><br>v.<br><br>**THE COCA-COLA COMPANY, CCI LIMITED PARTNERSHIP d/b/a COCA COLA PUERTO RICO BOTTLERS, INSURANCE COMPANY ABC, COMPANY 123, ADVERTISING AGENCY 456, RICHARD ROE, MARY ROE and the Legal Conjugal Partnership they Both Comprise**<br><br>**Defendants** | **CIVIL NUM.: 13-cv-1426 (ADC)**<br><br>**Copyright Infringement**<br><br>**Plaintiff Demands Trial By Jury** |

**MOTION TO STRIKE STATEMENTS MADE IN PLAINTIFF'S OPPOSITION TO COCA-COLA PUERTO RICO BOTTLER'S MOTION TO DISMISS PURSUANT TO RULE 12(B)(6) OF THE FED.R.CIV.P.**

**TO THE HONORABLE COURT:**

Comes now, defendant, CC1 Limited Partnership d/b/a Coca-Cola Puerto Rico Bottlers (hereinafter "Defendant" or "Puerto Rico Bottlers"), through its undersigned counsel, and respectfully alleges and prays as follows:

1. On August 27, 2013, plaintiff, Dennis M. Rivera (hereinafter "Plaintiff") filed an opposition to Puerto Rico Bottler's *Motion To Dismiss Pursuant To Rule 12(B)(6) Of The Federal Rules Of Civil Procedure* (hereinafter, the "Opposition"). *See* Docket No. 15.

2. Throughout its Opposition, Plaintiff recklessly made unfounded implications related to initial settlement efforts made by Puerto Rico Bottlers.

3. Federal Rule of Civil Procedure 12(f) provides that "upon motion made by a party before responding to a pleading . . . the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

4. As such, Plaintiff's statements relating to settlement efforts made by counsel for Puerto Rico Bottlers must be stricken from the Opposition as a matter of law.

5. It is known that Fed. R. Evid. 408 prohibits any party from alleging or introducing evidence relating to settlement discussions or efforts in order to prove liability. To be more precise, the rule specifically states:

> (a) Prohibited Uses. Evidence of the following is not admissible — on behalf of any party — either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:
> (1) furnishing, promising, or offering — or accepting, promising to accept, or offering to accept — a valuable consideration in compromising or attempting to compromise the claim; and
> (2) conduct or a statement made during compromise negotiations about the claim — except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority.

*See also*, *United States v Contra Costa County Water Dist*. (1982, CA9 Cal) 678 F2d 90 (Public policy favoring out-of-court settlement necessitates inadmissibility of negotiations in order to foster frank discussion).

6. In Plaintiff's Opposition, counsel Torres Gómez makes two statements relating to Puerto Rico Bottler's settlement efforts. *See* Docket. No. 15 at page 3, ¶6 ("Defendants approached counsel for Plaintiff before even being served summons to inquire as to a possible settlement"); and page 14 ("The complaint was so effective and specific that defendants requested settlement a desperate effort to boost his ill-fated arguments in opposition. negotiations prior to defendants even being served summons.").

7. There was no need for this Honorable Court to know this information as it adds nothing to the discussion at hand. Furthermore, the fact that Puerto Rico Bottlers attempted to reach an early, non-litigious solution to the case at bar would prove absolutely nothing regarding the sufficiency of the Complaint, much less regarding liability on the part of Puerto Rico Bottlers. *See* <u>Portugues-Santana v. Rekomdiv Intern</u>, 657 F.3d 56, ("<u>Rule 408 bars the admission of a settlement agreement to prove the validity or invalidity of a claim or</u>

its amount.")

8. Therefore, Puerto Rico Bottlers hereby requests that Plaintiff's statements relating to any and all settlement efforts be stricken from the Opposition under to Fed. R. Civ. P. 12(f)

**WHEREFORE**, it is respectfully requested that this Court grant this Motion to Strike as to statements pertaining to settlement efforts contained in *Plaintiff's Opposition to Defendant's Rule 12 Motion to Dismiss.*

**RESPECTFULLY SUBMITTED**

**WE HEREBY CERTIFY** that on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

In San Juan, Puerto Rico on August 29, 2013.

FERRAIUOLI LLC
221 Plaza
221 Ponce de Leon Ave., 5th Floor
Hato Rey, P.R. 00917
Phone 787.766.7000
Fax 787.766.7001

By: */s/Eugenio J. Torres-Oyola*
Eugenio J. Torres-Oyola
USDC No. 215505
etorres@ferraiuoli.com

*/S/ Maristella Collazo Soto*
Maristella Collazo Soto
USDC No. 228606
mcollazo@ferraiuoli.com

*/S/ Jean G. Vidal Font*
Jean G. Vidal Font
USDC No. 227811
Email: jvidal@ferraiuoli.com