# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| DENNIS MARIO RIVERA | CIVIL NO. 13-1426 (ADC) |
| **Plaintiff** | |
| **Vs.** | |
| THE COCA COLA COMPANY; CCI LIMITED PARTNERSHIP d/b/a COCA COLA PUERTO RICO BOTTLERS, OM 2 TRADE SOLUTIONS, INC.; UNIVERSAL INSURANCE COMPANY as insurer of OM2 TRADE SOLUTIONS, INC., INSURANCE COMPANY XYZ as Insurer of THE COCA COLA COMPANY and CCI LIMITED PARTNERSHIP d/b/a COCA COLA PUERTO RICO BOTTLERS, COMPANY 123, ADVERTISING AGENCY 789, RICHARD ROE, MARY ROE and the Legal Conjugal Partnership they both Comprise | Copyright Infringement  JURY TRIAL DEMANDED |
| **Defendants** | |
| **VS.** | |
| OM2 TRADE SOLUTIONS, INC | |
| **Third Party Defendant-Cross Claimant** | |
| **VS.** | |
| UNIVERSAL INSURANCE COMPANY as insurer of OM2 TRADE SOLUTIONS, INC., | |
| ANA JANETTE CASIANO LABRADOR | |

# ANSWER TO VERIFIED REQUEST FOR INJUNCTION AND AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT

**TO THE HONORABLE COURT:**

COMES NOW, co-defendant and third party defendant, **OM2 TRADE SOLUTIONS, INC.**, through his undersigned attorney and respectfully STATES and PRAYS:

## I.  JURISDICTION AND VENUE

1.  Paragraph 1 does not require a responsive allegation from the herein appearing party as it merely cites the federal statute used to invoke federal jurisdiction. If an answer is required then the paragraph is denied.

2.  Paragraph 2 does not require a responsive allegation from the herein appearing party as it merely cites the federal statute used establish proper venue for the cause of action filed by Plaintiff. If an answer is required then the paragraph is denied.

## II.  THE PARTIES

3.  Paragraph 3 is denied due to lack of information or belief sufficient to properly address said allegation.

4.  Paragraph 4 is denied as it is directed to another co-defendant and thus no answer is required from the herein appearing party.

5.  Paragraph 5 is denied as it is directed to another co-defendant and thus no answer is required from the herein appearing party.

6.  Paragraph 6 is admitted that OM2 Trade Solutions, Inc. is a duly registered company before the Puerto Rico Department of State and authorized to do business in this jurisdiction.  It is admitted the principal place of business as being located at Amelia Industrial Park, Emma Street, lot 26A, GeoCim Building in Guaynabo.  The rest of the allegations included in paragraph 5 are denied as drafted.

7.  Paragraph 7 it is directed to another co-defendant and thus no answer is required from the herein appearing party.  It is affirmatively alleged that Universal Insurace Company,

through one of its authorized insurance broker, Ms. Ana Janette Casiano Labrador, sold and provided a Commercial General Liability policy to cover the facts alleged in the Complaint.  The insurance policy number is UC 5600271500.

8.  Paragraph 8 is denied as it is directed to another co-defendant and thus no answer is required from the herein appearing party.

9.  Paragraph 9 is denied as it is directed to another co-defendant and thus no answer is required from the herein appearing party.

10.  Paragraph 10 is denied as it is directed to another co-defendant and thus no answer is required from the herein appearing party.

11.  Paragraph 11 is denied as it is directed to another co-defendant and thus no answer is required from the herein appearing party.

### III. FACTS

12.  Paragraph 12 is admitted that "Las Fiestas de la Calle San Sebastián" are an annual event held in Old San Juan.  The rest of the allegation, including the characterization of the popularity of the event and the entity responsible or organizing the event and the time period it has been produced is hereby denied for lack of information.

13. Paragraph 13 is denied for lack of information as to who the painter is, his popularity and professional trajectory.

14. Paragraph 14 is denied for lack of information as to who the Plaintiff is, his popularity and professional trajectory.

15.  Paragraph 15 is denied for lack of information or belief sufficient to properly address said allegation.

16.   Paragraph 16 is denied for lack of information or belief sufficient to properly address said allegation.

17.   Paragraph 17 is denied. It is affirmatively alleged that upon reviewing Plaintiffs alleged artwork after the fact it was evident that any resemblance to the © symbols and the ® symbol were included in the artwork in a conspicuous manner and in a manner difficult to recognize.

18.   Paragraph 18 is denied. It is affirmatively alleged that upon reviewing Plaintiffs alleged artwork after the fact it was evident that any warning against the reproduction of the work were included in the artwork in a conspicuous manner and in a manner difficult to recognize.

19.   Paragraph 19 is admitted that the artwork is registered under the alleged registration number.  The rest of the paragraph is denied for lack of information.

20.   Paragraph 20 is admitted that the artwork is registered under the alleged registration number in the Puerto Rico Department of State.  The rest of the paragraph is denied for lack of information

21.   Paragraph 21 is denied as drafted.  The Coca Cola Company contracted the herein appearing party to present them with options as to iconic symbols of the Old San Juan and Las Fiestas de San Sebastián.  Pursuant to said request, OM2 Trade Solutions, Inc. presented numerous options of said icons to The Coca Cola Company for them to select and approve.  The artwork selected by The Coca Cola Company and its uses were solely at the discretion of The Coca Cola Company.

22.   Paragraph 22 is admitted.

23.   Paragraph 23 is admitted that OM2 was used by The Coca Cola Company to provide them with the Troupe that travelled with the advertising campaign during the festivities. The rest of the paragraph is denied.

24.   Paragraph 24 is denied for lack of information or belief sufficient to properly address said allegation.

25.   Paragraph 25 is denied.  OM2 prior to the filing of this Complaint knew or should have known that the artwork under the street signage of "Calle Sebastían" was a private artwork, nor that it was registered as copyright and/or trademarked.  As a matter of fact OM2 believe at all times that the artwork was of public domain.

26.   Paragraph 26 is denied as drafted.  It affirmatively alleged that OM2 was not responsible for the use of the artwork it produced for The Coca Cola Company, nor it had any participation in selecting the artwork approved among the numerous options provided to The Coca Cola Company.

27.   Paragraph 27 is denied as drafted.  OM2 was not responsible nor it was contracted to obtain such license.  OM2 fulfill its contractual obligation by providing numerous options of artworks to The Coca Cola Company for them to select and approve the one that better suit them in their advertising campaign during the festivities.

28.  Paragraph 28 is denied.

29.   Paragraph 29 is denied as drafted.  OM2 provided numerous options to The Coca Cola Company, including various that did not include the alleged artwork of Plaintiff.  None of the work performed by OM2 was made to make a false representation as alleged.

30.  Paragraph 30 is denied.

31.  Paragraph 31 is denied.

32.  Paragraph 32 is denied.

33.  Paragraph 33 is denied.

34.  Paragraph 34 it is directed to another co-defendant and thus no answer is required from the herein appearing party.  It is affirmatively alleged that Universal Insurace Company, through one of its authorized insurance broker, Ms. Ana Janette Casiano Labrador, sold and provided a Commercial General Liability policy to cover the facts alleged in the Complaint.  The insurance policy number is UC 5600271500.

### IV. CUASES OF ACTION

### A.  COPYRIGHT INFRINGEMENT

35.  All prior answers are hereby incorporated by reference in response to Paragraph 35.

36.  Paragraph 36 is denied as drafted.  Notwithstanding, it is admitted that the artwork as described in the Complaint is registered before the Copyright Office.   The rest of the allegation is denied.

37.  Paragraph 37 is denied.

38.  Paragraph 38 is denied.

39.  Paragraph 39 is denied as drafted. It is affirmatively alleged that OM2 was not responsible nor it was contracted to obtain such license and/or permission from Plaintiff.  OM2 fulfilled its contractual obligation by providing numerous options of artworks to The Coca Cola Company for them to select and approve the one that better suit them in their advertising campaign during the festivities.

40.  Paragraph 40 is denied.  OM2 did not use the alleged artwork in such as a manner that it would require a license or copyrights over the alleged work.

41.  Paragraph 41 is denied.

42.  Paragraph 42 is denied.

43.  Paragraph 43 is denied.

## B. MORAL RIGHTS UNDER V.A.R.A.

44.  All prior answers are hereby incorporated by reference in response to Paragraph 44.

45.  Paragraph 45 is denied.

46.  Paragraph 46 is denied.

47.  Paragraph 47 is denied.

48.  Paragraph 48 is denied.

## C. MORAL RIGHTS UNDER PR LAWS

49.  All prior answers are hereby incorporated by reference in response to Paragraph 49.

50.  Paragraph 50 is denied.

51.  Paragraph 51 is denied.

52.  Paragraph 52 is denied.

53.  Paragraph 53 is denied.

## V.  RELIEF

## A. INJUNCTIVE RELIEF

54.  All prior answers are hereby incorporated by reference in response to Paragraph 54.

55. Paragraph 55 is denied as drafted.  Notwithstanding, it is admitted that the artwork as described in the Complaint is registered before the Copyright Office.  The rest of the allegation is denied.

56.  Paragraph 56 is denied.

57.  Paragraph 57 is denied.

58.  Paragraph 58 is denied.

59. Paragraph 59 is denied.

60. Paragraph 60 is denied.

61. Paragraph 61 is denied.

62. Paragraph 62 is denied.

63. Paragraph 63 is denied.

## B. DAMAGES

64-70. Paragraphs 64-70 are denied.

## AFFIRMATIVE DEFENSES

1.     The Amended Complaint fails to state a claim upon which relief can be granted.

2.     Plaintiff has pled and filed this Complaint in bad faith and therefore should be barred from recovery in this action.

3.     Plaintiff has failed to mitigate damages.

4.     Third Party Plaintiff, The Coca Cola Company as owner of the art used in the festivities is solely responsible for the alleged damages.

5     In the alternative, Third Party Plaintiff engaged in contributory negligence and Plaintiff alleged damages, if any, should be reduced distributed in direct proportion to their negligence.

6.     Some or all of the claims alleged in the Complaint are time-barred by the applicable statute of limitations.

7.     Plaintiff's claims are barred in whole or in part by the equitable doctrines of estoppel, waiver, unclean hands, and/or laches.

8.     The present action is frivolous. The herein appearing party is entitled to an award

of attorney's fees and costs.

9.      OM 2 did not use, copy, adapt or distribute the work "Don Pedro y los Pitírres" in an unlawful manner.  In any case, any of the artwork submitted for approval to the Coca Cola Company that may have included Plaintiff's work, it was de minimis.

10.     The work Don Pedro y los Pitírres is of public domain or it has been portrayed by Plaintiff as being of public domain.

11.     Third Party Plaintiff, the Coca Cola Company is the final and sole responsible party of approving the advertisement used in connection with the celebration of the San Sebastian Festival in 2012.

13.     Third Party Plaintiff, The Coca Cola Company retained the services of OM2 as an independent contractor; as such the Third Party Plaintiff are the owner of the art and its underlying content, they have the right, tittle and interest of the art and they are the ultimate decision maker as to which art proposed will be used and have the expertise to make sure all applicable laws are complied with.

14.     No warranties were made by OM2 nor requested from The Coca Cola Company that the work contracted did not infringe any intellectual properties rights or violate any laws.

15.     OM2 was diligent in providing the artwork and any potential infringement of copyright laws or any other applicable law was done with innocent intent.

16.     The symbols in the artwork Don Pedro y los Pitírres are not clearly distinguishable from the artwork, thus causing confusion.

17.     The damages alleged by Plaintiff are exaggerated and excessive.

18.     No contractual obligation and/or fiduciary duty were violated by OM2, including but not limited to any violation relating to applicable federal and state laws.

19.     All the proposed artwork and underlying content presented by OM2 to The Coca

Cola Company is considered Fair Use.

*20.*     All the proposed artwork and underlying content presented by OM2 to The Coca Cola Company is considered as derivative art and thus no violation to copyright law, VARA and/or Puerto Rico's Moral Right Statute was violated.

21.     There is no relationship between the alleged negligence and the damages suffered.

22.     Plaintiff has abandoned any copyrights he may have had over the artwork, Don Pedro and Los Pitírres.

23.     Plaintiff has benefited from the conspicuous manner in which the© and the ® symbols have been included in his artwork, as well as the warning of not to reproduce the work without authorization by displaying in such as a manner that seems to be part of the work itself.

24.     Plaintiff is not entitled to statutory damages or to any attorney's fees under VARA or the Puerto Rico Morals Rights Act, as amended, because the registration was realized subsequent to any alleged acts of infringement.

25.     Plaintiff's cause of action for moral rights is not covered by VARA or the Puerto Rico Intellectual Property Act of 1988.

26.     The Puerto Rico Moral Rights Act of 2012 is inapplicable to the case at bar as the facts alleged in the Amended Complaint took place before its enactment.

27.     Universal Insurance Company had a Commercial General Liability policy in favor of OM2 trade Solutions, Inc. which covered the facts alleged in the Amended Complaint and any damages that Plaintiff may be awarded.

28.     The herein appearing party reserves its rights to raise any and all affirmative defenses that may arise during the discovery process.

**WHEREFORE**, it is respectfully requested that this Honorable Court dismiss the

Amended Complaint in its entirety and it imposes Plaintiff costs and attorney's fees.

**RESPECTFULLY SUBMITTED**.

We hereby certify that, on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

In San Juan, Puerto Rico, this 17th day of June, 2014.

**ROVIRA & GUZMAN LAW OFFICES**
PMB 767
1357 Ave. Luis Vigoreaux
Guaynabo, PR 00966
TEL.:(787) 545-4202
CEL.:(787) 222-0070
E-Mail: erovira@roviraguzmanlaw.com


**s/ERNESTO ROVIRA GANDARA**
USDC-PR – 223208