IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **DENNIS MARIO RIVERA**<br><br>PLAINTIFF<br><br>V.<br><br>**THE COCA COLA CO., et al**<br><br>DEFENDANTS | **CIVIL NUM.: 13-1426 (ADC)**<br><br>**COPYRIGHT INFRINGEMENT** |

**ANSWER TO AMENDED VERIFIED REQUEST FOR INJUNCTION AND AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT**

**TO THE HONORABLE COURT:**

**COMES NOW**, **UNIVERSAL INSURANCE COMPANY**, through the undersigned attorney and very respectfully states and prays as follows:

### I. JURISDICTION AND VENUE

1. Paragraphs one and two contain legal conclusions that do not require allegation from the appearing party. However, if a response is required, paragraphs one and two are denied.

### II. PARTIES

2. Paragraphs 3, 4, 5 and 6 do not require responsive allegation from the appearing party. However, if a response is required, paragraphs 2 and 3 are denied. However, if a response is required, such paragraphs are denied.

3. As to paragraph 7 it is admitted that UNIVERSAL INSURANCE COMPANY issued an insurance policy, commercial policy type, to Osvaldo Martin

1

D/B/A OM2 Trade Solutions, policy number 09-560-000246602, in effect from March 19, 2011 to March 19, 2012 and according to its own terms and conditions. The rest of the paragraph is denied. The allegations contained in the complaint are not covered under the insurance contract issued.

4. Paragraphs 8, 9, 10 and 11 do not require responsive allegation from the appearing party. However, if a response is required, such paragraphs are denied. However, if a response is required, such paragraphs are denied.

### III.   FACTS

5. Paragraph 12 is admitted.

6. Paragraphs 13, 14, 15, 16, 17, 18, 19 and 20 are denied for lack of information to form a belief regarding the truth of the allegations therein.

7. Paragraph 21 is denied for lack of information to form a belief regarding the truth of the allegations therein.

8. Paragraph 22 is admitted.

9. Paragraphs 23, 24, 25, 26, 27, 28, 29, 30, 31, 32 and 33 are denied.

10. Paragraph 34 is denied. UNIVERSAL issued an insurance policy, commercial type, to Osvaldo Martin D/B/A OM2 Trade Solutions, policy number 09-560-000246602, in effect from March 19, 2011 to March 19, 2012 that <u>offers no coverage</u> to the claims or damages alleged in the Complaint.

### IV. CAUSES OF ACTION

11. As to paragraph 35, appearing party realleges and incorporates the answers and allegations raised from paragraphs 1 to 34.

12. Paragraphs 36, 37, 38, 39 and 40 are denied for lack of information to form a belief regarding the truth of the allegations therein.

13. Paragraph 41 is denied.

14. Paragraphs 42 and 43 are denied. The allegations contained in the complaint are not covered under the insurance contract issued.

## V. MORAL RGHTS UNDER V.A.R.A

15. As to paragraph 44, appearing party realleges and incorporates the answers and allegations raised from paragraphs 1 to 43.

16. Paragraph 45 is denied.

17. Paragraphs 46, 47 and 48 are denied.

## VI. MORAL RGHTS UNDER P.R. LAWS

18. As to paragraph 49, appearing party realleges and incorporates the answers and allegations raised from paragraphs 1 to 48.

19. Paragraphs 50, 51, 52 and 53 are denied.

## V. RELIEF

### A. INJUNCTIVE RELIEF

20. As to paragraph 54, appearing party realleges and incorporates the answers and allegations raised from paragraphs 1 to 53.

21. Paragraphs 55 to 63 are denied.

### B. DAMAGES

22. As to paragraph 54, appearing party realleges and incorporates the answers and allegations raised from paragraphs 1 to 63.

23. Paragraph 64 do not require responsive allegation. However, if a response is required, such paragraph is denied.

24. Paragraphs 65 to 69 are denied.

25. Paragraph 70 is denied. The allegations contained in the complaint are not covered under the insurance contract issued.

## AFFIRMATIVE DEFENSES

1. Lack of jurisdiction.

2. The damages alleged, if any, were caused by third parties, who were not under the control of Universal Insurance Company or its insured.

3. Universal Insurance Company cannot be held liable for the acts, omissions, fault or negligence, if any, of third parties.

4. There is no causal relationship between any act or omission which may be attributed to Universal Insurance Company or its insured, which is denied, and the allegations and damages claimed in the complaint.

5. The Amended Complaint, as drafted, does not present a valid cause of action against the appearing defendant.

6. The damages claimed in the complaint are exaggerated, unforeseeable and speculative.

7. Plaintiff is not entitled to any relief against appearing party as alleged in the Amended Complaint.

8. Claims in the Amended Complaint are time barred, in all or in part, by the applicable statute of limitations.

9. Universal Insurance Company fully complied with any and all contractual obligations.

10. Plaintiff failed to mitigate damages.

11. Plaintiff assumed the risk of its own actions.

12. Universal Insurance Company complied with any and all terms, conditions and obligations according to the policy.

13. The insurance policy coverage is limited by its own terms, conditions and exclusions.

14. The insurance policy does not offer coverage for the incident described in the Amended Complaint. Among others, the policy issued, on its **COMMERCIAL GENERAL LIABILITY COVERAGE FORM**, CG 00 01 12 07, page 6 of 16, states:

> "**2. Exclusions**
> This insurance does not apply to:
> **a**.
> ...
> **f. Breach of Contract**
> "Personal and advertising injury" arising out of a breach of contract, except an implied contract to use anther's advertising idea in your "advertisement"**.**
> **g.**
> **h.**
> **i. Infringement If Copyright Patent, Trademark Or Trade Secret**
>  "Personal and advertising injury" arising out of a breach of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights. Under this exclusion, such other intellectual property rights do not include the use of another's advertising idea in your "advertisement".

5

> However, this exclusion does not apply to infringement, in your "advertisement", of copyright, trade dress or slogan.
>
> **j. Insureds In Media And Internet Type Business**
>
> "Personal and advertising injury" committed by an insured whose business is:
>
> (**1**) Advertising, broadcasting, publishing or telecasting;
>
> (**2**) Designing or determining content of websites for others; or
>
> (**3**) An internet search, access, content or service provider.
>
> However this exclusion does not apply to Paragraphs **14.a, b.** and **c.** of "personal and advertising injury" under the Definitions Section.
>
> For the purposes of this exclusion, the placing of frames, borders or links, or advertising, for you and others anywhere on the Internet, is not by itself, considered the business of advertising, broadcasting, publishing or telecasting.

15. The facts as alleged in the Complaint are excluded from coverage. Thus, Universal Insurance Company does not have any contractual or extra contractual obligation to plaintiff, according to the terms, conditions and exclusions of the policy issued.

**WHEREFORE**, it is respectfully requested from this Honorable Court to take notice of the above mentioned, and, accordingly, dismiss the complaint against Universal Insurance Company, with prejudice, and granting the appearing party the costs, expenses and attorney's fees.

**IT IS CERTIFIED** that on this same date a true and exact copy of this motion has been filed and notified to all the appearing parties through the Court's CMF/ECF system.

**RESPECTFULLY SUBMITTED.**

In Guaynabo, Puerto Rico, this July 15, 2014.

s/ *Roberto del Toro Morales*
**ROBERTO DEL TORO MORALES**
**USDC-PR #214402**
**P.O. Box 11155**
**San Juan, Puerto Rico 00922-1155**
**Telephone: (787) 783-2550**
**Fax: (787) 620-4223**
rtoro@universalpr.com
